**In re IBT INTERNATIONAL,
INC., Debtor,**

**IBT International, Inc., Appellant,**

v.

**David Tedder Entities, Van Dan Limited Partnership, CMT Limited Partnership, DTG Limited Partnership, Gallery I, Inc., Hampton Limited Partnership, Key Enterprises, Inc., Slevin Limited Partnership, Showthunder, Inc., Trails End Limited Partnership, Birch International Limited Partnership; Donald Grammer Entities, Banyan Limited Partnership, Orange Blossom Limited Partnership, Pear Tree Limited Partnership, Appellees.**

**In re Southern California Sunbelt
Developers, Inc., Debtors,**

**Southern California Sunbelt
Developers, Inc.,
Appellant,**

v.

**David Tedder Entities, Van Dan Limited Partnership, CMT Limited Partnership, DTG Limited Partnership, Gallery I, Inc., Hampton Limited Partnership, Key Enterprises, Inc., Slevin Limited Partnership, Showthunder, Inc., Trails End Limited Partnership, Birch International Limited Partnership; Donald Grammer Entities, Banyan Limited Partnership, Orange Blossom Limited Partnership, Pear Tree Limited Partnership, Appellees.**

Nos. 12–60061, 12–60065.

United States Court of Appeals,
Ninth Circuit.

Submitted June 12, 2013.\*

Filed July 10, 2013.

William Miles Burd, Burd & Naylor, Santa Ana, CA, for Appellant.

Stella A. Havkin, Esquire, Litwak & Havkin, Woodland Hills, CA, Thomas W. Dressler, The Dressler Law Group, LLP, Pasadena, CA, for Appellees.

Before: SCHROEDER, FISHER and N.R. SMITH, Circuit Judges.

## MEMORANDUM \*\*

Appellants appeal the decision of the Bankruptcy Appellate Panel affirming the decision of the bankruptcy court denying the appellants' motion for attorney's fees incurred at the appellate level. We affirm for the reasons stated in the Bankruptcy Appellate Panel's well-reasoned memorandum decision of August 7, 2012. *See Higgins v. Vortex Fishing Sys., Inc.,* 379 F.3d 701, 708–09 (9th Cir.2004) (holding that " § 303(i)(1), which expressly grants discretionary authority to award fees at the *trial level,* should not be construed to grant similar authority to award fees at the appellate level"); *Avagyan v. Holder,* 646 F.3d 672, 677 (9th Cir.2011) ("A three judge panel cannot reconsider or overrule circuit precedent unless an intervening Supreme Court decision undermines an existing precedent of the Ninth Circuit, and both cases are closely on point.").

**AFFIRMED.**

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.